Nicholas D. Kovarik, WSBA #35462
nick@pyklawyers.com
PISKEL YAHNE KOVARIK, PLLC
522 W. Riverside Ave., Suite 700
Spokane, Washington 99201
Telephone: 509.321.5930
Facsimile: 509.321.5935

Michael A. Josephson*
mjosephson@mybackwages.com
Andrew W. Dunlap*
adunlap@mybackwages.com
JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Telephone: 713.352.1100
Facsimile: 713.352.3300
*Pro hac vice applications forthcoming

*Attorneys for Plaintiff and
the Putative Class Members*

[Additional counsel appear on signature page]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
YAKIMA DIVISION

| | |
|---|---|
| PATTY FALING-DAVIS, Individually and For Others Similarly Situated.<br><br>　　　　Plaintiff,<br>　　v.<br><br>WELLPATH LLC,<br><br>　　　　Defendant. | Case No.: 1:23-cv-3017<br><br>**ORIGINAL CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

ORIGINAL CLASS ACTION
COMPLAINT - 1



## Summary

1. Plaintiff Patty Failing-Davis ("Plaintiff") bring this class action to recover unpaid wages and other damages from Defendant WellPath LLC ("WellPath") under the Revised Code of Washington ("RCW"), Chapters 49.46, *et seq.* and 49.52, *et seq.*; Washington's Minimum Wage Act ("WMWA"); Washington's Administrative Code ("WAC"), Chapters 296-126, *et seq.* and 296-128, *et seq.*; and any relevant regulations and/or rules adopted by the Washington Director of Labor and Industries (collectively, "Washington Wage Laws").

2. Throughout the relevant period, WellPath subjected Plaintiff and the Putative Class Members (as defined below) to a common policy and practice of automatically deducting time from these employees' recorded hours worked for meal periods.

3. But WellPath fails to provide Plaintiff and the Putative Class Members with *bona fide* meal periods.

4. Instead, WellPath requires Plaintiff and the Putative Class Members to remain on-duty and responsible for patient care throughout their shifts, continuously subjecting them to interruptions, even during their unpaid meal periods.

5. Thus, under WellPath's common policies and practices, Plaintiff and the Putative Class Members are not completely relieved of all duties during meal periods and are denied pay for those on-duty meal periods in violation of Washington Wage Laws.

ORIGINAL CLASS ACTION COMPLAINT - 2

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

6. Further, because WellPath fails to pay Plaintiff and the Putative Class Members for their on-duty meal periods, WellPath fails to maintain accurate employment records for these employees and fails to pay them all wages due upon their separation in violation of Washington Wage Laws.

7. Plaintiff brings this class action to recover unpaid overtime and other damages caused by WellPath's unlawful conduct.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

9. Specifically, the matter in controversy is believed to exceed $5,000,000; at least one member of Plaintiff's proposed class and WellPath are citizens of different states; and Plaintiff's proposed class is believed to exceed 100 members.

10. This Court has personal jurisdiction over WellPath because WellPath conducts substantial business in this District and Division, including employing numerous workers, including Plaintiff, in this District and Division.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this action occurred in this District and Division.

## THE PARTIES

12. Plaintiff is an individual over the age of 18 and all relevant times has been a resident of the State of Washington.

13. Plaintiff has worked for WellPath as a Registered Nurse in and around Yakima, Washington since February 2018.

14. Plaintiff's consent to be a party plaintiff is attached as **Exhibit 1**.

15. Throughout her employment with WellPath, WellPath has classified Plaintiff as non-exempt from overtime and has paid her on an hourly basis.

16. Plaintiff bring this action on behalf of herself and all other similarly situated hourly, non-exempt WellPath patient care employees who worked in Washington and were subject to WellPath's automatic meal period deduction policy.

17. WellPath requires all these patient care employees to remain on-duty during their unpaid meal periods in violation of Washington Wage Laws.

18. Plaintiff seeks certification of a class under Fed. R. Civ. P. 23. The class of similarly situated WellPath patient care employees is defined as:

> **All current and former hourly, non-exempt WellPath employees who worked in Washington and received an automatic meal period deduction at any time during the past three (3) years ("Putative Class Members" or "Putative Class").**

19. The identities of the Putative Class Members can readily be ascertained from WellPath's records.

ORIGINAL CLASS ACTION
COMPLAINT - 4

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

20. Defendant WellPath LLC is a Delaware limited liability company that maintains its headquarters in Nashville, Tennessee.

21. WellPath may be served with process by serving its registered agent: **Corporate Creations Network Inc., 205 Powell Place, Brentwood, Tennessee 37027-7522.**

## FACTUAL ALLEGATIONS

22. WellPath is a healthcare services company that bills itself as "the premier provider of localized, high-quality, compassionate care to vulnerable patients in challenging clinical environments."[1]

23. To complete its business objectives, WellPath hires patient care employees, including Plaintiff and the Putative Class Members, to provide "medical, mental, and behavioral healthcare services to nearly 300,000 patients located in inpatient and residential treatment facilities, civil commitment centers, and local, state and federal correctional facilities[,]"[2] including in Washington.

24. WellPath classifies these employees and non-exempt from overtime and pays them on an hourly basis.

25. These employees make up the proposed Putative Class.

26. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

---

[1] https://wellpathcare.com/ (last visited February 2, 2023).
[2] https://wellpathcare.com/about/ (last visited February 2, 2023).

ORIGINAL CLASS ACTION COMPLAINT - 5



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

27. Plaintiff and the Putative Class Members reported to a healthcare facility owned, operated, or managed by WellPath to perform their jobs.

28. Plaintiff and the Putative Class Members performed their jobs under WellPath's supervision, and using materials, equipment, and technology approved and supplied by WellPath.

29. WellPath requires Plaintiff and the Putative Class Members to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

30. At the end of each pay period, Plaintiff and the Putative Class Members received wages from WellPath that were determined by common systems and methods that WellPath selected and controlled.

31. For example, Plaintiff has worked for WellPath as an hourly, non-exempt Registered Nurse in and around Yakima, Washington since February 2018.

32. WellPath requires its hourly, non-exempt employees, including Plaintiff and the Putative Class Members, to record their hours worked using WellPath's timeclock system.

33. Further, WellPath subjects its hourly, non-exempt employees, including Plaintiff and the Putative Class Members, to a common policy and practice of automatically deducting time from these employees' recorded hours worked for meal periods.

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

34. Specifically, WellPath automatically deducts 30-minutes from Plaintiff and the Putative Class Members' time records each shift they work for meal periods, regardless of whether these employees actually receive a full, uninterrupted 30-minute meal period.

35. But WellPath fails to provide Plaintiff and the Putative Class Members with *bona fide* meal periods.

36. Instead, WellPath requires Plaintiff and the Putative Class Members to remain on-duty and responsible for patient care throughout their shifts, continuously subjecting them to interruptions, including during their unpaid meal periods.

37. Thus, under WellPath's common policies and practices, Plaintiff and the Putative Class Members are not completely relieved of all duties during meal periods and are denied pay for those on-duty meal periods in violation of Washington Wage Laws.

38. Plaintiff worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

39. Likewise, each Putative Class Member worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

40. Indeed, WellPath typically schedules Plaintiff and the Putative Class Members to work 12+-hour shifts for at least 5 days a week.

41. As a result, Plaintiff and the Putative Class Members work 50 to 60 hours in a typical workweek (far in excess of the overtime threshold of 40 hours).

ORIGINAL CLASS ACTION COMPLAINT - 7



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

42. When Plaintiff and the Putative Class Members worked more than 40 hours in a workweek, WellPath did not pay them one and one-half times their regular hourly rate due to their failure to include time worked during meal periods in the total of hours worked in a given workweek.

43. This unpaid time is compensable under Washington Wage Laws because (1) Plaintiff and the Putative Class Members were not completely relieved of all their duties, (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, and/or (3) they entirely skipped the meal period due to work demands. *See* WAC 296-126-092, *et seq.*

44. As Plaintiff and the Putative Class Members' employer, WellPath has a "mandatory obligation" to both "provide" meal breaks and "ensure" such breaks comply with Washington law. *See, e.g., Brady v. AutoZone Stores, Inc.*, 188 Wash. 2d 576, 582, 397 P.3d 120, 123 (2017).

45. Further, WellPath's automatic meal break deduction policy also results in WellPath failing to maintain true and accurate records of the hours Plaintiff and the Putative Class Members in violation of Washington Wage Laws because these records do not include hours that Plaintiff and the Putative Class Members worked during their off-the-clock meal breaks. *See* RCW 49.52; WAC 296-128-010.

46. WellPath's failure to pay overtime to these workers was, and is, a willful violation of Washington Wage Laws.

ORIGINAL CLASS ACTION
COMPLAINT - 8

## RULE 23 CLASS ACTION ALLEGATIONS

47. Plaintiff brings cause of action as a class action on behalf of herself and the Putative Class Members pursuant to Federal Rule of Civil Procedure 23.

48. This action may properly be maintained as a class action because there is a well-defined community of interest in the litigation because the proposed Putative Class is easily ascertainable from WellPath's records.

49. <u>Numerosity</u>: WellPath's failure to pay hourly, non-exempt employees for all hours worked, including hours worked during their off-the-clock meal breaks, extends beyond Plaintiff. Indeed, WellPath subjected, and continue to subject, hundreds of employees to its automatic meal break deduction policy that deprives these workers of pay for all hours worked, including overtime, in violation of Washington Wage Laws. This volume makes bringing the claims of each individual member of the class before this Court impracticable. For this same reason, joining each individual Putative Class Member as a plaintiff in this action is impracticable. Furthermore, the identities of the Putative Class Members will be determined from WellPath's records, as will the compensation paid to each of them. Thus, the Putative Class Members are so numerous that joinder of all Putative Class Members is impracticable.

50. <u>Commonality</u>: The questions of law and facts common to Plaintiff and each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

ORIGINAL CLASS ACTION
COMPLAINT - 9



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

a. Whether WellPath failed to provide Plaintiff and the Putative Class Members with *bona fide* meal periods in violation of Washington law;

b. Whether WellPath failed to ensure Plaintiff and the Putative Class Members take *bona fide* meal periods in violation of Washington law;

c. Whether WellPath engaged in a policy and practice of automatic time deductions for meal periods that were not *bona fide*, continuous, and uninterrupted in violation of Washington law;

d. Whether WellPath's automatic meal break deduction policy deprived Plaintiff and the Putative Class Members of pay for time worked during meal periods that were not *bona fide*, continuous, and uninterrupted in violation of Washington law;

e. Whether WellPath failed to pay Plaintiff and the Putative Class Members at no less than the minimum wage for all hours worked, including hours worked during missed and interrupted meal breaks, in violation of Washington law;

f. Whether WellPath failed to pay Plaintiff and the Putative Class Members overtime for all hours worked in excess of 40 hours in a workweek, including hours worked during missed and interrupted meal breaks, in violation of Washington law;



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

g. Whether WellPath knew, or had reason to know, Plaintiff and the Putative Class Members were requested, suffered, permitted, or allowed to work hours off-the-clock, including during unpaid meal breaks, in violation of Washington law;

h. Whether WellPath failed to provide Plaintiff and the Putative Class Members with timely, accurate, itemized wage statements in violation of Washington law; and

i. Whether WellPath's violations of Washington Wage Laws were willful.

51. <u>Typicality</u>: Plaintiff's claims are typical of the Putative Class Members since they have all sustained damages arising out of WellPath's illegal and uniform pay policies and practices. Indeed, WellPath's common course of conduct in violation of Washington Wage Laws caused Plaintiff and the Putative Class Members to sustain the same or similar injuries and damages.

52. <u>Adequacy of Representation</u>: Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class action. Indeed, Plaintiff has no interest contrary to, or in conflict with, the Putative Class Members that would prevent class treatment. Like each Putative Class Member, Plaintiff has an interest in obtaining the unpaid wages and overtime owed under Washington law. Further, Plaintiff's Counsel is competent and experienced in litigating complex wage and hour class actions, such as this. Thus,

Plaintiff and her Counsel will fairly and adequately represent and protect the Putative Class Members' interests.

53. <u>Superiority of Class Action</u>: Absent this class action, many Putative Class Members will likely not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the Washington Wage Laws. Furthermore, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency. As such, a class action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit, and requiring individual actions would prejudice the Putative Class and WellPath.

### FIRST CAUSE OF ACTION
### VIOLATIONS OF RCW 49.46.130
### FAILURE TO PAY OVERTIME

54. Plaintiff realleges and incorporates all preceding allegations.

55. At all relevant times, WellPath employed Plaintiff and the Putative Class Members within the meaning of the Washington Wage Laws.

56. RCW 49.46.130(1) requires WellPath to pay non-exempt employees, including Plaintiff and the Putative Class Members, at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

57. Throughout the relevant period, WellPath expected and required

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

Plaintiff and the Putative Class Members to be available to work during their unpaid meal breaks.

58. Plaintiff and the Putative Class Members have been harmed as a direct and proximate result of WellPath's unlawful conduct because they have been deprived of wages owed for work they performed and from which WellPath derived a direct and substantial benefit.

59. WellPath cannot satisfy its burden to prove Plaintiff and the Putative Class Members received a *bona fide* meal period for every 30 minutes WellPath automatically deducted from their wages.

60. WellPath violated, and continues to violate, RCW 49.46.130 when it fails to pay Plaintiff and the Putative Class Members overtime wages when they work in excess of 40 hours a week, including hours worked during meal periods that were not *bona fide*, continuous, and uninterrupted.

61. Accordingly, Plaintiff and the Putative Class Members are entitled to recover their unpaid overtime wages (RCW 49.46.090), an equal amount as liquidated damages (RCW 49.52.070), attorney's fees and costs (RCW 49.48.030), as well as pre- and post-judgment interest at a rate of 12% per annum (RCW 19.52.020).

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF RCW 49.46.090**
**FAILURE TO PAY MINIMUM WAGE FOR ALL HOURS WORKED**

62. Plaintiff realleges and incorporates all preceding allegations.



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

63. RCW 49.46.090 requires WellPath to pay employees, including Plaintiff and the Putative Class Members, all wages to which they are entitled under the Washington Minimum Wage Act for the first 40 hours worked in a workweek.

64. Throughout the relevant period, WellPath expected and required Plaintiff and the Putative Class Members to be available to work during their unpaid meal breaks.

65. Plaintiff and the Putative Class Members have been harmed as a direct and proximate result of WellPath's unlawful conduct because they have been deprived of wages owed for work they performed and from which WellPath derived a direct and substantial benefit.

66. WellPath violated, and continues to violate, RCW 49.46.090 when it fails to pay Plaintiff and the Putative Class Members wages when they work during meal periods that were not *bona fide*, continuous, and uninterrupted.

67. Accordingly, Plaintiff and the Putative Class Members are entitled to recover their unpaid overtime wages (RCW 49.46.090), an equal amount as liquidated damages (RCW 49.52.070), attorney's fees and costs (RCW 49.48.030), as well as pre- and post-judgment interest at a rate of 12% per annum (RCW 19.52.020).

### THIRD CAUSE OF ACTION
### VIOLATIONS OF WAC 296-126-092
### FAILURE TO PROVIDE AND ENSURE *BONA FIDE* MEAL BREAKS

68. Plaintiff realleges and incorporates all preceding allegations.

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

69. WAC 296-126-092 requires WellPath to provide employees meal periods of at least 30 minutes which commence no less than two hours nor more than five hours from the beginning of the employee's shift. Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer. No employee shall be required to work more than five consecutive hours without a meal period.

70. Throughout the relevant period, WellPath expected and required Plaintiff and the Putative Class Members to be available to work during their unpaid meal breaks.

71. Because Plaintiff and the Putative Class Members were not relieved of all duties during their meal breaks but instead were subject to interruptions, WellPath violated, and continues to violate, WAC 296-126-092 when it automatically deducts 30 minutes from Plaintiff and the Putative Class Members' wages when they work during meal periods that were not *bona fide*, continuous, and uninterrupted.

72. Plaintiff and the Putative Class Members have been harmed as a direct and proximate result of WellPath's unlawful conduct because they have been deprived of wages owed for work they performed and from which WellPath derived a direct and substantial benefit.

73. Accordingly, Plaintiff and the Putative Class Members are entitled to recover their unpaid overtime wages (RCW 49.46.090), an equal amount as liquidated

ORIGINAL CLASS ACTION COMPLAINT - 15

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

damages (RCW 49.52.070), attorney's fees and costs (RCW 49.48.030), as well as pre- and post-judgment interest at a rate of 12% per annum (RCW 19.52.020).

## JURY DEMAND

74. Pursuant to F.R.C.P. 38, Plaintiff demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiff prays for the following relief:

a. An order designating this lawsuit as a class action pursuant to Fed. R. Civ. P. 23 under the Washington Wage Laws;

b. A judgment against WellPath awarding Plaintiff and the Putative Class Members all unpaid overtime compensation, as well as an equal amount as liquidated damages;

c. An order awarding attorney's fees, costs, and expenses;

d. An award of pre- and post-judgment interest on all amounts at the highest applicable rates; and

e. All such other and further relief to which Plaintiff and the Putative Class Members may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ Nicholas D. Kovarik*
Nicholas D. Kovarik, WSBA #35462
nick@pyklawyers.com
**PISKEL YAHNE KOVARIK, PLLC**

ORIGINAL CLASS ACTION COMPLAINT - 16



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

522 W. Riverside Ave., Suite 700
Spokane, Washington 99201
Telephone:  509.321.5930
Facsimile:   509.321.5935

Michael A. Josephson*
mjosephson@mybackwages.com
Andrew W. Dunlap*
adunlap@mybackwages.com
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Telephone:  713.352.1100
Facsimile:   713.352.3300

Richard J. (Rex) Burch*
rburch@brucknerburch.com
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone:  713-877-8788
Facsimile:   713-877-8065
*Pro Hac Vice Applications Forthcoming*

**ATTORNEYS FOR PLAINTIFF &
THE PUTATIVE CLASS MEMBERS**

ORIGINAL CLASS ACTION
COMPLAINT - 17



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935